IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| **LAUREN ERIKSEN,** an individual<br><br>     Plaintiff,<br><br>v.<br><br>**SALEM-KEIZER SCHOOL DISTRICT,** an Oregon public school district; **CARLOS RUIZ,** an individual; **JOSH THORP,** an individual; and **WENDY STRADLEY,** an individual;<br><br>     Defendants. | Case No. 24CV46963<br><br><br>**SUMMONS** |

TO:   **CARLOS RUIZ,** c/o Rebekah R. Jacobson, Garrett Hemann Robertson PC, PO Box 749, Salem, OR 97308, rjacobson@ghrlawyers.com

     You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons on you.  If you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

PAGE - 1       SUMMONS

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

EXHIBIT 1
Page 1 of 28

**NOTICE TO DEFENDANT:**
**READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within thirty (30) days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at http://www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

ALBIES & STARK LLC

By _s/Maria Witt_____
Maria Witt, OSB No. 145573
maria@albiesstark.com
1500 SW First Ave., Ste. 1000
Portland, OR 97201
Telephone: (503) 308-4770
Facsimile: (503) 427-9292

Attorney for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual or other legal entity to whom or which this summons is directed, and to make your proof of service on a separate document which you shall attach hereto.

_s/Maria Witt_____
Maria Witt, OSB No. 051846

PAGE - 2          SUMMONS

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

EXHIBIT 1
Page 2 of 28

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| **LAUREN ERIKSEN,** an individual | Case No. 24CV46963 |
| Plaintiff, | |
| v. | **SUMMONS** |
| **SALEM-KEIZER SCHOOL DISTRICT,** an Oregon public school district; **CARLOS RUIZ,** an individual; **JOSH THORP,** an individual; and **WENDY STRADLEY,** an individual | |
| Defendants. | |

TO:   **SALEM-KEIZER SCHOOL DISTRICT,** c/o Rebekah R. Jacobson, Garrett Hemann Robertson PC, PO Box 749, Salem, OR 97308, rjacobson@ghrlawyers.com

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons on you.  If you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

PAGE - 1        SUMMONS

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

EXHIBIT 1
Page 3 of 28

**NOTICE TO DEFENDANT:**
**READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within thirty (30) days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at http://www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

ALBIES & STARK LLC

By *s/Maria Witt*
    Maria Witt, OSB No. 145573
    maria@albiesstark.com
    1500 SW First Ave., Ste. 1000
    Portland, OR  97201
    Telephone: (503) 308-4770
    Facsimile: (503) 427-9292

    Attorney for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:  You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual or other legal entity to whom or which this summons is directed, and to make your proof of service on a separate document which you shall attach hereto.

*s/Maria Witt*
Maria Witt, OSB No. 051846

PAGE - 2        SUMMONS

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

EXHIBIT 1
Page 4 of 28

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| **LAUREN ERIKSEN,** an individual | Case No. 24CV46963 |
| Plaintiff, | |
| v. | **SUMMONS** |
| **SALEM-KEIZER SCHOOL DISTRICT,** an Oregon public school district; **CARLOS RUIZ,** an individual; **JOSH THORP,** an individual; and **WENDY STRADLEY,** an individual; | |
| Defendants. | |

TO:   **WENDY STRADLEY,** c/o Rebekah R. Jacobson, Garrett Hemann Robertson PC, PO Box 749, Salem, OR 97308, rjacobson@ghrlawyers.com

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons on you.  If you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

PAGE - 1        SUMMONS

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

EXHIBIT 1
Page 5 of 28

**NOTICE TO DEFENDANT:**
**READ THESE PAPERS CAREFULLY!**

ALBIES & STARK LLC

By *s/Maria Witt*
    Maria Witt, OSB No. 145573
    maria@albiesstark.com
    1500 SW First Ave., Ste. 1000
    Portland, OR  97201
    Telephone: (503) 308-4770
    Facsimile: (503) 427-9292

    Attorney for Plaintiff

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within thirty (30) days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at http://www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:  You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual or other legal entity to whom or which this summons is directed, and to make your proof of service on a separate document which you shall attach hereto.

    *s/Maria Witt*
    Maria Witt, OSB No. 051846

PAGE - 2        SUMMONS

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

EXHIBIT 1
Page 6 of 28

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| **LAUREN ERIKSEN,** an individual<br><br>      Plaintiff,<br><br>v.<br><br>**SALEM-KEIZER SCHOOL DISTRICT,** an Oregon public school district; **CARLOS RUIZ,** an individual; **JOSH THORP,** an individual; and **WENDY STRADLEY,** an individual;<br><br>      Defendants. | Case No. 24CV46963<br><br><br><br>**SUMMONS** |

TO:   **JOSH THORP,** c/o Rebekah R. Jacobson, Garrett Hemann Robertson PC, PO Box 749, Salem, OR 97308, rjacobson@ghrlawyers.com

      You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons on you.  If you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

PAGE - 1      SUMMONS

**NOTICE TO DEFENDANT:
READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within thirty (30) days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at http://www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

ALBIES & STARK LLC

By *s/Maria Witt*
   Maria Witt, OSB No. 145573
   maria@albiesstark.com
   1500 SW First Ave., Ste. 1000
   Portland, OR 97201
   Telephone: (503) 308-4770
   Facsimile: (503) 427-9292

   Attorney for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:  You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual or other legal entity to whom or which this summons is directed, and to make your proof of service on a separate document which you shall attach hereto.

   *s/Maria Witt*
   Maria Witt, OSB No. 051846

PAGE - 2     SUMMONS

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

EXHIBIT 1
Page 8 of 28

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| **LAUREN ERIKSEN**, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>**SALEM-KEIZER SCHOOL DISTRICT,** an Oregon public school district; **CARLOS RUIZ**, an individual; **JOSH THORP,** an individual; and **WENDY STRADLEY,** an individual;<br><br>        Defendants. | CASE NO.:  24CV46963<br><br>**COMPLAINT**<br><br>Due Process Violation (14th Amendment to U.S. Constitution and 42 U.S.C § 1983); Battery; Retaliation for Reporting Safety Violation (ORS 654.062)<br><br>ORS 21.160(1)(c)<br>(Claims not subject to mandatory arbitration)<br><br>**Jury Trial Requested** |

## <u>INTRODUCTION</u>

1.

For years, employee injuries related to student behavior have been on the rise in the Salem-Keizer School District ("SKSD"). According to Oregon OSHA in October 2023, injury rates at a sampling of SKSD schools were consistently well above national averages.

2.

For Plaintiff Lauren Eriksen, a Special Education Instructional Assistant at SKDS's West High School ("West"), this means that in the 2023-2024 school year, she

PAGE - 1      COMPLAINT

**ALBIES & STARK LLC**<br>**ATTORNEYS AT LAW**<br>1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201<br>TEL 503.308.4770 | FAX 503.427.9292
EXHIBIT 1<br>Page 9 of 28

suffered three concussions and countless other injuries, including a bite so severe that she lost part of her skin and has a scar nearly 10 months later.

3.

The administrators at West knew Ms. Eriksen and her colleagues were consistently exposed to unreasonably violent and unsafe conditions. Yet, they failed to act to protect them and, in fact, created circumstances that exacerbated or worsened the danger. Because SKDS refused to act to protect Ms. Eriksen and others, she had no choice but to file this lawsuit to shine a light on SKDS' conduct and try to hold it accountable.

**PARTIES**

4.

Plaintiff Lauren Eriksen ("Ms. Eriksen" or "Plaintiff") is a resident of Marion County, Oregon. Ms. Eriksen worked as an Instructional Aide for SKSD during the 2023-2024 school year.

5.

Defendant SKSD is an Oregon public school district with its principal place of business in Marion County, Oregon. Defendant SKSD is a "person" for purposes of 42 U.S.C. § 1983.

6.

Defendants Josh Thorp and Wendy Stradley were at all material times Assistant Principals at West Salem High School, and Carlos Ruiz was Principal at West Salem High School. At all material times, all were acting both under color of law and in the

PAGE - 2      COMPLAINT

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292
EXHIBIT 1
Page 10 of 28

course and scope of their employment with SKSD. All are named in their individual capacity and are "persons" for purposes of 42 U.S.C. § 1983.

## VENUE

7.

Venue is appropriate in this Court under ORS § 14.080 because SKSD resides in Marion County, Oregon.

## FACTUAL ALLEGATIONS

8.

Ms. Eriksen began working at West Salem High School ("West") in September of 2023 as an Instructional Assistant working with special education students.

9.

Ms. Eriksen was hired to work in the Emotional Growth Classroom. However, as soon as the school year began, West administrators were concerned about the violent and dangerous tendencies of certain students in the Developmental Learning Center ("DLC"). For example, on the first day of school, one student in the DLC bit three staff and injured a fourth. DLC staff had not even been informed that this student would be a part of their classroom until the first day of school, due to SKSD's and West's failures to communicate and track the behavioral needs of the DLC students.

10.

Assistant Principal Josh Thorp supervises West's special education programs. Because of the known dangers in the DLC and the lack of adequate staffing, Defendant Thorp moved Ms. Eriksen to the DLC to provide additional support to the DLC students. By the end of September, Ms. Eriksen was working full-time in the DLC.

PAGE - 3      COMPLAINT

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292
EXHIBIT 1
Page 11 of 28

11.

Based on information and belief, over the past decade, SKSD has experienced a significant increase in student-on-staff violence. In addition, SKSD has experienced a severe shortage of Instructional Assistants (IAs) who provide crucial assistance to students with special needs.

12.

In March of 2023, SKSD received a Tort Claim Notice from four employees representing a putative class of employees who had been injured by students with known propensity for violent behavior because SKSD "(1) failed to take adequate preventative, precautionary, or mitigating actions to protect its employees against known risks, and (2) has acted with deliberate indifference to known dangers in ways that have affirmatively made the student violence problem at the District worse and/or created new opportunities for danger."

13.

In the fall of 2023, Oregon OSHA conducted a consultation for SKSD due to high numbers of student-caused injuries in the District. OSHA recommended that SKSD provide additional, appropriate educational space for students with higher needs behaviors and more "student-facing" staff with appropriate education, experience, and skills to adequately staff schools and provide safe workplaces for all SKSD employees.

14.

OSHA found that SKSD employees working with students in special education that had complex behaviors were exposed to risk of being injured by students and that

PAGE - 4          COMPLAINT

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292
EXHIBIT 1
Page 12 of 28

"[i]njuries were from various actions such as hitting, kicking, shoving, beating, clubbing, biting, piercing, pushing, squeezing, and verbal assault."

15.

OSHA found SKSD to be out of compliance with several Safety Committee requirements as well as requirements relating to injury investigation, employee training, and personal protective equipment.

16.

Based on information and belief, SKSD did not make any changes for the 2023-2024 school year in the West DLC based on its receipt of the March 2023 Tort Claim Notice, OSHA's recommendations or OSHA's findings.

17.

The DLC did not have an adequate number of IAs for the 2023-2024 school year when injuries and absences were considered.

18.

During the 2023-2024 school year, Ms. Eriksen was the target of multiple violent assaults by students in the DLC. Students bit, hit, and punched Ms. Eriksen. She had urine-soaked clothes thrown at her. Students pulled her hair and spit in her face. Students swore at her and pushed and threw objects at her, such as pencils, iPads, chairs, and desks. One student cleared off a table with glass on it and shattered glass all over the floor.

/ / /

/ / /

/ / /

PAGE - 5      COMPLAINT

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

EXHIBIT 1
Page 13 of 28

19.

On or about November 6, 2023, Student A[1] bit Ms. Eriksen's upper arm so hard that Student A broke through the skin, caused bleeding, and tore away a piece of Ms. Eriksen's flesh. Ms. Eriksen is still being treated for nerve damage from the bite.

20.

On or about December 5, 2023, Student B punched Ms. Eriksen in the face. The punch was so hard that Ms. Eriksen had a concussion.

21.

On or about January 10, 2024, Student C picked up Ms. Eriksen, slammed her into a bathroom door, and punched her in the head. Ms. Eriksen had another concussion.

22.

All Defendants knew about each of these assaults. All failed to take reasonable steps to protect Ms. Eriksen from future assaults. Other educators were attacked and physically harmed in the DLC as well.

23.

In March of 2024, Ms. Eriksen and several colleagues demanded to meet with Mr. Thorp to address their safety concerns because nothing was being done about this pattern of assaults.

---

[1] The names and identifying details regarding individual students have been omitted from this Complaint to comply with privacy laws and out of respect for the students. All students referenced are accordingly referred to as "Student A," Student B," and so forth. Those letters are not initials and do not relate to the actual names of the students at issue.

PAGE - 6         COMPLAINT

ALBIES & STARK LLC
ATTORNEYS AT LAW
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292
EXHIBIT 1
Page 14 of 28

24.

Following the meeting, Mr. Thorp summarized the discussion, including the following four "solutions" proposed by the group:

- Have time for debrief outside contract hours
- Have campus safety make routine check-ins
- Have more staff cross-trained in order to support the DLC staff
- Have [a part-time IA] step into a more behavior-focused role when appropriate

25.

Mr. Thorp committed to implement these requests. However, he did not, and nothing changed. Defendants did not implement any of the suggestions, nor did they independently implement any other changes to keep Ms. Eriksen safe. Thus, the assaults continued.

26.

On the week of April 2, 2024, Ms. Eriksen and her colleagues observed that Student C was highly activated and engaging in violent and destructive behavior. Student C is a large, older student.

27.

For approximately five days in a row, Student C acted out in a violent way, hurting himself and staff. He even shoved West's principal, Mr. Ruiz, one day. In response, Mr. Ruiz simply did not return to the DLC, knowing that he was leaving the staff at the DLC in danger.  All Defendants knew about each of the April assaults by Student C. All failed to take reasonable steps to protect Ms. Eriksen from future assaults.

28.

On or about April 5, 2024, Student C shoved Ms. Eriksen into a wall.

PAGE - 7        COMPLAINT

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292
EXHIBIT 1
Page 15 of 28

29.

On or about April 8, 2024, Student C had his most violent outburst to date. When Ms. Eriksen arrived in the DLC, Student C was already beginning to escalate. Within the hour, he was running around the classroom, screaming and throwing objects.

30.

Ms. Eriksen complied with West's protocols and remained in the room with other educators, standing behind soft "Ukeru" pads for protection. Student C saw Ms. Eriksen and charged at her. Student C hit Ms. Eriksen and the DLC teacher. Student C slammed Ms. Eriksen into the door, which opened until the DLC teacher caught Ms. Eriksen, pulled her back inside, and kept her from falling down onto the sidewalk.

31.

Ms. Eriksen was terrified. She could tell that Student C was in his most violent episode to date, and she worried that he was going to hurt her, other adults or students, and himself.

32.

Ms. Eriksen is a certified EMT with EMS experience. She knows when 911 support is needed, and she knows how to communicate this need. Therefore, Ms. Eriksen agreed with the DLC teacher that Ms. Eriksen should call for help. Ms. Eriksen used her radio and called for police and medical support.

33.

Over the radio, which was broadcast to all West administrators and the school office specialists, Ms. Eriksen reported that she needed someone to call 911. The radio also broadcast the sounds of Student C destroying property and yelling.

/ / /

PAGE - 8        COMPLAINT

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292
EXHIBIT 1
Page 16 of 28

34.

Based on information and belief, Mr. Ruiz, Mr. Thorp, and Ms. Stradley all heard Ms. Eriksen's 911 request.

35.

Mr. Thorp responded to the call and asked for more details. Ms. Eriksen repeated her request for 911.

36.

Then, Ms. Eriksen heard the voice of Ms. Stradley over the radio. Ms. Stradley is West's Assistant Principal in charge of the Athletics Department. Ms. Stradley said over the radio, "This is Wendy. Cancel the 911." As a result, nobody called 911; nobody requested police or medical support.

37.

Based on information and belief, Mr. Thorp and Mr. Ruiz heard Ms. Eriksen's 911 request and Ms. Stradley's cancellation of the request. Defendants Thorp and Ruiz ratified Ms. Stradley's order to cancel the request and took no action to determine whether the 911 call was needed.

38.

Meanwhile, Ms. Eriksen and her colleagues were still trapped inside of the classroom with Student C, complying with protocols that do not allow them to leave students alone in a room. After Ms. Stradley cancelled the 911 call, Student C was swinging cabinet doors open and shut. When he moved to bash his head into the cabinet, the DLC teacher made a noise to distract him so he would not hurt himself. At this point, he directed his attention to Ms. Eriksen, the DLC teacher, and a Campus Safety member.

PAGE - 9        COMPLAINT

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292
EXHIBIT 1
Page 17 of 28

39.

Student C crouched down low, like a football player, and ran full speed at Ms. Eriksen, the DLC teacher, and the Campus Safety member. He hit them in a crouched position and then lifted up, sending them flying into the air. The DLC teacher's head slammed into the wall. Ms. Eriksen went crashing into a stationary bike and walker. The Campus Safety member was knocked over as well.

40.

Both Ms. Eriksen and the DLC teacher were so badly injured that they needed immediate medical care. Mr. Thorp drove them to urgent care and dropped them off. Ms. Eriksen was diagnosed with a head injury and concussion, nausea, neck muscle strain, neck and back muscle spasms, and lumbar muscle strain.

41.

West administrators have never debriefed this incident with Ms. Eriksen, nor have they ever addressed the fact that Ms. Stradley cancelled a 911 call that could have saved Ms. Eriksen from serious physical harm. Ms. Stradley has never apologized or offered any explanation for her actions.

42.

Instead, on April 24, 2024, West held a training for Ms. Eriksen and her colleagues regarding emergency response protocol.  In the training, the group simulated a response to a violent outburst from Student C. However, the person roleplaying Student C did not actually run or push or throw anything. When Ms. Eriksen suggested that they make the roleplay realistic so that they could actually practice and test whether any of the training was effective, she was told that they did not want anyone to get hurt. In other words, the trainers acknowledged that if they actually simulated the real-life

PAGE - 10      COMPLAINT

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292
EXHIBIT 1
Page 18 of 28

behaviors of Student C or other students, the staff members would get hurt because the required protocols were ineffective at preventing physical harm.

43.

Ms. Eriksen was briefly assigned to work at Keizer Elementary School from April 24, 2024, to May 7, 2024. Because the assignment involved fewer hours than she had at West, it was effectively a paycut. On May 8, 2024, she returned to West.

44.

To Ms. Eriksen's knowledge, SKSD never took any steps to prevent or correct the unsafe environment Ms. Eriksen faced in the DLC classroom following the April 8, 2024, incident.

45.

To Ms. Eriksen's knowledge, neither Mr. Ruiz nor Mr. Thorp were disciplined for their roles in the April 8, 2024, incident.

46.

To Ms. Eriksen's knowledge, Ms. Stradley was not disciplined for her role in the April 8, 2024, incident, even though ORS § 165.572 makes it a crime to interfere or hinder someone's efforts to make an emergency call to a law enforcement agency.

47.

On May 30, 2024, through her attorney, Ms. Eriksen sent SKSD a Tort Claim Notice that detailed many of the injuries she had sustained during the school year, including the three concussions and the April 8, 2024, incident.

/ / /

/ / /

PAGE - 11       COMPLAINT

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

EXHIBIT 1
Page 19 of 28

48.

OAR 437-001-0760(3)(a) requires employers to investigate every "lost time" injury that workers suffer in connection with their employment, to determine the means that should be taken to prevent recurrence. Based on information and belief, prior to receiving Ms. Eriksen's Tort Claim Notice, SKSD never investigated any of the violent acts towards Ms. Eriksen, including the April 8, 2024, incident.

49.

Approximately two weeks after sending her Tort Claim Notice, in which Ms. Eriksen notified SKSD that she intended to sue SKSD, SKSD hired an external investigator to investigate Ms. Eriksen's claims. However, the investigator was tasked with only investigating the West administration's response to the April 8, 2024, incident.

50.

To Ms. Eriksen's knowledge, to date, SKSD has never investigated any of the other injuries Ms. Eriksen sustained during the 2023-2024 school year due to the unsafe working environment.

51.

To date, SKSD has not told Ms. Eriksen the results of its investigation.

52.

Due to SKSD's failure to protect Ms. Eriksen from future harm, failure to investigate all of Ms. Eriksen's allegations, and failure to discipline Mr. Thorp or Ms. Stradley, Ms. Eriksen felt that she had no choice but to resign from the DLC position on August 27, 2024.

/ / /

PAGE - 12    COMPLAINT

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292
EXHIBIT 1
Page 20 of 28

53.

As a result of SKSD's unlawful actions, Ms. Eriksen has suffered lost wages and fringe benefits in an amount to be determined at trial. Ms. Eriksen is entitled to an award of lost future wages and benefits in an amount to be determined at trial.

54.

As a result of SKSD's unlawful actions, Ms. Eriksen has suffered emotional distress and other compensatory damages in an amount to be determined at trial.

55.

Ms. Eriksen is entitled to an award of costs and attorney fees in an amount to be determined at trial pursuant to 42 USC 1988, ORS 654.062, and ORS 659A.885.

**FIRST CLAIM FOR RELIEF**
**Violation of 42 U.S.C. § 1983 – Due Process Clause of 14th Amendment**
**Against all Defendants**

56.

Plaintiff realleges and incorporates by reference the above paragraphs.

57.

Defendants Thorp, Stradley and Ruiz, acting under color of state law, violated Plaintiff's rights under the Due Process Clause to the Fourteenth Amendment to the U.S. Constitution by acting affirmatively and with deliberate indifference to create or expose Plaintiff to a foreseeably dangerous working environment.

58.

Defendant Thorp, Stradley and Ruiz exposed Plaintiff to an actual, particularized danger that she would not otherwise have faced. Specifically, Defendant Stradley

PAGE - 13        COMPLAINT

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292
EXHIBIT 1
Page 21 of 28

cancelled a 911 call that would have brought aid and assistance to Plaintiff, despite knowing that Plaintiff was under attack by a known dangerous and violent student who had previously repeatedly assaulted Plaintiff and others. In addition, Defendants Stradley and Thorp remained outside of the classroom and did not enter or order anyone else to enter to help protect Plaintiff from harm. Defendants Thorp and Ruiz ratified Ms. Stradley's conduct by not overriding her decision to cancel the 911 call, or by placing their own 911 call.

59.

Defendant Ruiz failed to train, supervise, or control Defendants Thorp and Stradley to keep staff safe even in the face of repeated complaints by staff and increased violence against staff in SKSD. Defendant Ruiz's failure to act deprived Plaintiff of her Fourteenth Amendment rights.

60.

Defendant SKSD is liable for the deprivation of Plaintiff's Fourteenth Amendment rights because the deprivation was pursuant to a widespread or longstanding SKSD custom, policy and practice of failing to keep staff safe with adequate training, staff, and safety measures, even the face of repeated complaints by staff and known increased violence against staff in the district.

61.

Defendant SKSD is also liable for the for the deprivation of Plaintiff's Fourteenth Amendment rights because individuals in policymaking positions ratified the unlawful conduct alleged herein knowing the basis for the unlawful conduct.

/ / /

PAGE - 14      COMPLAINT

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

EXHIBIT 1
Page 22 of 28

62.

Defendants acted with deliberate indifference, as described above, to the known, obvious and reasonably foreseeable danger to Plaintiff. Defendants recognized the risk posed to Plaintiff. First, Defendants knew that the District was deficient in various safety protocols and that it faced a higher than average incidence of violence by students towards teachers. Second, Plaintiff had previously been injured multiple times, including by the same Student C, and Defendants were aware of her injuries. Third, Plaintiff had met with Mr. Thorp to discuss the dangers she faced; Mr. Thorp had agreed to institute changes to keep Plaintiff safe, yet he failed to do so. Fourth, Defendants were aware of Plaintiff's 911 call, in which she described the danger she faced contemporaneously. Defendants knew the student was dangerous, and they knew that Plaintiff had never felt so threatened as to request 911 previously. Finally, Defendants failed to take any action in response to Plaintiff's complaints after the final assault until Plaintiff threatened litigation through a Tort Claim Notice. Then, Defendants commissioned an investigation but did not release any findings or communicate with Plaintiff in any way about keeping her safe in the 2024-2025 school year. In essence, Defendants abandoned Plaintiff, left her without protection, and left her with no choice but to resign to keep her safe from future harm by Defendants.

63.

Defendant SKSD constructively discharged Plaintiff.

/ / /

/ / /

/ / /

PAGE - 15        COMPLAINT

ALBIES & STARK LLC
ATTORNEYS AT LAW
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292
EXHIBIT 1
Page 23 of 28

64.

Defendants' conduct was carried out with wanton or reckless disregard for Plaintiff's civil rights.  Punitive damages should be assessed against all individual Defendants to deter individual Defendants from such conduct in the future.

**SECOND CLAIM FOR RELIEF**
**Battery**
**Against Defendant SKSD**

65.

Plaintiff realleges and incorporates by reference the above paragraphs.

66.

Defendant SKSD intended to cause a harmful or offensive physical contact or cause an apprehension that harmful or offensive physical contact would occur. In addition, Defendant SKSD breached its duty and provided substantial assistance or encouragement to the students who assaulted Plaintiff by intentionally failing to stop the assaults and intentionally failing to maintain a safe workplace for Plaintiff free of risk of imminent physical violence by students.

67.

Defendant SKSD knew that Plaintiff was the victim of assault and battery on an ongoing basis due to her repeated reports to school administrators. Defendant had the authority to control the students and protect Plaintiff but failed to take reasonable corrective action and intended to cause the harmful or offensive contact. Indeed, during the final assault, Defendant intentionally cancelled Plaintiff's call to 911, causing further injury to Plaintiff.

/ / /

PAGE - 16        COMPLAINT

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

EXHIBIT 1
Page 24 of 28

68.

Plaintiff was harmed by the offensive physical contact of the students.

69.

As a direct, proximate, and foreseeable result of Defendant's intentional conduct, Plaintiff has suffered damages as alleged above.

**THIRD CLAIM FOR RELIEF**
**Oregon Safe Employment Act Retaliation – ORS 654.062**
**Against Defendant SKSD**

70.

Plaintiff realleges and incorporates by reference the above paragraphs.

71.

Defendant violated ORS 654.062(5)(a) by discriminating against and constructively discharging Plaintiff because Plaintiff opposed SKSD's failure to furnish a safe place of employment as required by ORS 654.010 and ORS 654.015, and because Plaintiff opposed unsafe work conditions pertaining to the assault of staff by students; conditions forbidden by ORS 654.001 to 654.295.

72.

Defendant violated ORS 659A.652(5)(b) by discriminating against and constructively discharging Plaintiff because Plaintiff made a complaint related to unsafe work conditions protected under ORS 654.001 to 654.295. This includes complaints related to unsafe work conditions pertaining to the assault of staff by students; and an attempted complaint to 911 that she was being assaulted by a student.

/ / /

/ / /

PAGE - 17        COMPLAINT

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292
EXHIBIT 1
Page 25 of 28

73.

Defendant violated ORS 659A.652(5)(c) by discriminating against and constructively discharging Plaintiff because Plaintiff exercised on behalf of the plaintiff or others rights afforded by ORS 654.001 to 654.295, including her right to report unsafe work conditions pertaining to the assault of staff by students and interfered with Plaintiff's use of a safety device, method, or process, as protected by ORS 654.020, when Ms. Stradley cancelled Plaintiff's request for a 911 call and Mr. Ruiz and Mr. Thorp ratified the cancellation.

74.

Plaintiff was injured as a result of Defendants' interference. Plaintiff opposed Defendants' interference by complaining to Human Resources, speaking up during Defendants' training in late April 2024, filing a Tort Claim Notice, and participating in SKSD's investigation. Defendants failed to take any action in response to Plaintiff's complaints after the final assault until Plaintiff threatened litigation through a Tort Claim Notice. Then, Defendants commissioned an investigation but did not release any findings or communicate with Plaintiff in anyway about keeping her safe in the 2024-2025 school year. In essence, Defendants abandoned Plaintiff, left her without protection, and left her with no choice but to resign.

75.

Defendant SKSD constructively discharged Plaintiff.

/ / /

/ / /

/ / /

PAGE - 18      COMPLAINT

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292
EXHIBIT 1
Page 26 of 28

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for her costs and disbursements incurred herein and for the following in accordance with the proof at trial:

1.    Economic damages,

2.    Non-Economic damages,

3.    Punitive damages as against the individual defendants;

4.    Prejudgment and post judgment interest as appropriate and allowed by law,

5.    On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame;

6.    A permanent injunction prohibiting Defendants from creating or exposing DLC staff to a foreseeably dangerous working environment;

7.    An Order requiring Defendants to comply with OSHA's recommendations to create and maintain a safe working environment for staff and students; and

8.    Any other relief the court deems proper.

**DATED** this September 27, 2024

                                    *s/ Maria Witt*
                                    Maria Witt, OSB No. 145573
                                    Albies & Stark LLC
                                    1500 SW First Ave., Suite 1000
                                    Portland, Oregon 97201
                                    Telephone: (503) 654-7006
                                    maria@albiesstark.com

PAGE - 19      COMPLAINT

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292
EXHIBIT 1
Page 27 of 28

Matthew C. Ellis, OSB No. 075800
Matthew C. Ellis, PC
1500 SW First Ave., Suite 1000
Portland, Oregon 97201
Telephone: (503) 345-5497
matthew@employmentlawpdx.com

*Attorneys for Plaintiff*

PAGE - 20     COMPLAINT

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292
EXHIBIT 1
Page 28 of 28